**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.B.-1**

**No. 22-555** (Wood County 21-JA-89)

**MEMORANDUM DECISION**

Petitioner Unknown Father[1] appeals the Circuit Court of Wood County's June 6, 2022, order terminating his parental rights to M.B.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April of 2021, the DHHR filed a petition against the mother and her paramour, M.B.-2, alleging that their substance abuse negatively impacted their ability to parent children P.E. and M.B.-1.[3] The DHHR named M.B.-2 as the respondent father of M.B.-1. At the adjudicatory hearing in June of 2021, the mother and M.B.-2 stipulated to the allegations in the petition, and the court granted them post-adjudicatory improvement periods. Specifically, both the mother and M.B.-2 stipulated that M.B.-2 was M.B.-1's father, despite no father being listed on M.B.-1's birth certificate.

By order entered on July 15, 2021, the circuit court ordered paternity testing for M.B.-1. In November of 2021, the DHHR collected a sample from M.B.-2 for paternity testing. The court granted the mother and M.B.-2 a post-dispositional improvement period in December of 2021. However, immediately thereafter, they ceased participating in their improvement periods, including failing to stay in contact with the DHHR or members of the multidisciplinary team ("MDT"). On December 16, 2021, the DHHR filed a notice of paternity testing for M.B.-1, which

---

[1]Petitioner appears by counsel Jeffrey B. Reed. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. George M. Torres appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, as the child and another party share the same initials, we refer to them respectively as M.B.-1 and M.B.-2 throughout this memorandum decision.

[3]P.E. is not at issue in this appeal.

1

showed that the named respondent father M.B.-2 was not the biological father of M.B.-1. The court terminated the mother and M.B.-2's post-dispositional improvement periods in January of 2022.

The mother and M.B.-2 failed to appear for the final dispositional hearing in March of 2022. Ultimately, the circuit court terminated their parental and custodial rights to M.B.-1. Also in March of 2022, the DHHR filed an amended petition naming petitioner as an unknown father of M.B.-1 and alleging that petitioner abandoned M.B.-1. To provide notice, the DHHR published notice of the proceedings in The Parkersburg News and Sentinel, a newspaper circulated in Wood County. The order of publication named M.B.-1's mother, listed M.B.-1's birthdate, named petitioner's counsel, and detailed the date, time, and location of the adjudicatory hearing. The publication ran for two consecutive weeks on March 28, 2022, and April 4, 2022.

The court held an adjudicatory hearing on April 27, 2022. Petitioner did not appear, but he was represented by counsel. The DHHR worker testified that she had been assigned the case in January of 2022 and had not had contact with the mother during the proceedings. She further stated that no one had come forward purporting to be M.B.-1's father. Petitioner's counsel did not cross-examine this witness. Based on the evidence presented, the court adjudicated petitioner as an abusing parent to M.B.-1.

Thereafter, the DHHR submitted a memorandum to the circuit court describing its efforts to reach the mother to determine the possible identity of the unknown father. The memorandum provided that the mother failed to return phone calls and stopped attending hearings and MDT meetings in December of 2021. In May of 2022, the court held a final dispositional hearing, during which petitioner failed to appear but counsel represented him. The court took judicial notice of all prior testimony and terminated petitioner's parental rights by its June 6, 2022, order. Petitioner, by counsel, now appeals this dispositional order.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in allowing the DHHR to proceed to adjudicate him and ultimately terminate his parental rights without a reasonable investigation into his identity. According to petitioner, the DHHR was required to seek the mother out by physically going to her last known address or to send the mother a letter. He also claims that the DHHR was required to subpoena the mother to testify at the adjudicatory hearing in April of 2022. Additionally, petitioner asserts that because there was confusion as to where the mother lived when she became pregnant with M.B.-1—Parkersburg or Martinsburg—proper notice required publication in the Martinsburg area. Petitioner asserts that his due process rights were violated because the DHHR did not comply with the "minimum constitutional standard of providing notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] the opportunity to be present."

The Court has held the following:

---

[4]As all parents' parental rights to M.B.-1 have been terminated, the permanency plan for the child is adoption by his foster family. The mother did not appeal the termination of her parental rights.

West Virginia Code § 49-4-601 (eff. 2019), as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court from determining "whether [a] child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent," without notice to the respondent that an adjudicatory hearing will be held and that such hearing will be held to adjudicate that respondent. Without such notice, the respondent has not received an adjudicatory hearing or due process of law. W. Va. Code § 49-4-601(i).

Syl. Pt. 2, *In re A.G.*, 247 W. Va. 249, 878 S.E.2d 744 (2022).

Below, it was an uncontroverted fact that the identity of M.B.-1's biological father remained unknown. As such, the DHHR was required to publish notice in a local newspaper. *See* W. Va. Code § 49-4-601(4) ("If service cannot be obtained by personal service or by certified mail, notice shall be by publication as a Class II legal advertisement in compliance with § 59-3-1 *et seq.* of this code."). The record shows that the DHHR complied with the notice requirements by publishing in a local newspaper. *See id.* § 49-4-601(5) ("A notice of hearing shall specify the time and place of hearings, the right to counsel of the child, parents, and other guardians, custodians, and other persons standing *in loco parentis* with the child and the fact that the proceedings can result in the permanent termination of the parental rights."). The DHHR published notice in the jurisdiction of the abuse and neglect matter, where the child was born and where the respondent mother resided as it had no other information regarding the unknown father. Indeed, "[i]n many circumstances of absenteeism, service by publication may comport with due process by publication only in the county where the proceedings are pending." *In re L.M.*, 245 W. Va. 751, 760, 865 S.E.2d 493, 502 (2021). Petitioner argues that the DHHR should have published in Martinsburg, West Virginia, because, according to him, the mother previously lived in that area. However, there was no evidence that the unknown father was in that area, and therefore, the DHHR was not required to publish in that area.[5]

Regarding the DHHR's due diligence in obtaining the identity and address of the unknown father, petitioner cites no authority that specifies the actions the DHHR must make to exercise due diligence in investigating an unknown father. *See* W. Va. Code §§ 49-4-601(3) and (4) (requiring "due diligence" to obtain personal service within West Virginia and allowing service by publication if personal service or certified mail cannot be used). Contrary to petitioner's assertion that the DHHR knew the mother's name and *location*, the record shows that the DHHR worker attempted to call the mother at her last known address—the same location where she lived during most of the proceedings. However, the mother never returned the worker's calls or messages. As such, it is possible that the mother moved and did not alert the DHHR or otherwise would not cooperate with the DHHR, which is corroborated by the fact that the mother ceased all participation

---

[5]Petitioner relies on *In re L.M.,* 245 W. Va. 751, 760, 865 S.E.2d 493, 502 (2021), wherein the Court held that service upon the named respondent father was insufficient when the DHHR knew the father's identity and that he lived in North Carolina yet failed to publish there. However, this matter is distinguishable as the DHHR had no information whatsoever regarding the identity, let alone the location, of the unknown father.

in the proceedings and all contact with the DHHR workers and MDT members in December of 2021. Finally, petitioner's alleged additional requirements for due diligence are based on pure speculation that the mother, in fact, knew the identity of M.B.-1's biological father, when she previously stated that M.B.-2 was M.B.-1's biological father.[6] As petitioner fails to meet his burden showing that the circuit court erred, we find no merit to petitioner's arguments and find that he is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 6, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING BY:**

Justice John A. Hutchison

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

---

[6] Notably, the mother went so far as to name M.B.-1 after M.B.-2.

4